**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| COMMISSIONER OF INSURANCE OF PUERTO RICO, AS THE LIQUIDATOR OF CONSTELLATION HEALTH, LLC,<br><br>**Plaintiff,**<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>**Defendant.** | **CIVIL NO. 23-1517 (RAM)** |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant United States of America's[1] ("Defendant" or the "United States") *Motion to Dismiss*. (Docket No. 4). The United States seeks dismissal of the *Motion Requesting Declaratory Judgment* that was brought by Plaintiff Commissioner of Insurance of Puerto Rico, as Liquidator of Constellation Health, LLC ("Plaintiff" or the "Liquidator"). For the following reasons, the *Motion to Dismiss* is **DENIED**, and the case is remanded to the Court of First Instance, Superior Court of San Juan.

[1] Specifically, the defendants are the United States; Merrick B. Garland, in his official capacity as Attorney General of the United States; the United States Department of Health and Human Services ("HHS"); Xavier Becerra, in his official capacity as Secretary of HHS; the Centers for Medicare & Medicaid Services ("CMS"), a component of HHS; and Chiquita Brooks-LaSure, in her official capacity as Administrator of CMS. The parties refer to the defendants collectively as the United States, and the Court adopts that nomenclature here.

## I. BACKGROUND

Constellation Health, LLC ("Constellation") is an insurance company that contracted with the Centers for Medicare & Medicaid Services ("CMS") as a plan sponsor to offer Medicare Part D policies to Medicare beneficiaries. On April 30, 2019, Plaintiff requested an order authorizing the liquidation of Constellation because it was insolvent from the Court of First Instance, Commonwealth of Puerto Rico, Superior Court of San Juan ("Commonwealth Court"). The Commonwealth Court granted the Liquidator's request, issuing a provisional liquidation order on June 7, 2019 and a permanent liquidation order on June 25, 2019.

On June 27, 2019, CMS notified Constellation and the Liquidator that Constellation's three Medicare Part D contracts would be terminated on June 30, 2019. After conducting a financial reconciliation, CMS notified the Liquidator on August 27, 2021 that Constellation owes CMS approximately $8.8 million in advance payments that Constellation received in 2018 and 2019.

On August 28, 2023, Plaintiff filed its *Motion Requesting Declaratory Judgment* in Commonwealth Court. The Liquidator requested an order requiring the United States to collect the $8.8 million in advance payments in the liquidation proceeding, pursuant to Puerto Rico law. Specifically, Plaintiff contends that (1) the Commonwealth Court is the only court with jurisdiction to

hear disputes about Constellation's liquidation; (2) under Puerto Rico law, the United States is time-barred from filing claims; and (3) the federal Priority Statute, 31 U.S.C. § 3713, which requires priority payment to the United States when a debtor is insolvent and under certain other conditions, is reverse preempted.

On December 13, 2023, Defendant timely removed only the *Motion Requesting Declaratory Judgment*[2] to federal court pursuant to 28 U.S.C. § 1442(a), which authorizes the removal of civil actions commenced in state court that are against or directed to the United States, any agency thereof, or any officer of any agency thereof. (Docket No. 1).

One week later, the United States filed the instant *Motion to Dismiss*. (Docket No. 4). Defendant seeks dismissal of the *Motion Requesting Declaratory Judgment* for lack of subject matter jurisdiction under the derivative-jurisdiction doctrine. It contends that, because the United States did not waive sovereign immunity in Commonwealth Court, that tribunal lacked jurisdiction over the Defendant. Accordingly, since this Court's jurisdiction is derivative of that of the Commonwealth Court, the *Motion Requesting Declaratory Judgment* must be dismissed for want of proper jurisdiction.

[2] The remainder of the liquidation proceeding is pending in Commonwealth Court.

In its *Opposition and Motion to Remand*, Plaintiff avers that dismissal would be improper because the McCarran-Ferguson Act, 15 U.S.C. § 1011 *et seq.*, provides an exception to the general rule of sovereign immunity when the state regulation at issue involves the "business of insurance." (Docket No. 8 ¶ 9). Further, the Liquidator seeks a remand to Commonwealth Court.[3] Id. ¶ 20. Defendant filed a *Reply*, and Plaintiff filed a *Sur-Reply*. (Docket Nos. 11 and 14, respectively).

## II. LEGAL STANDARD FOR REMOVAL UNDER § 1442

The federal officer removal statute, 28 U.S.C. § 1442, permits "[t]he United States or any agency thereof or any officer" of those entities to remove a "civil action . . . that is commenced in a State court and that is against or directed to" them. 28 U.S.C. § 1442(a)(1). The general rule when considering the propriety of removals pursuant to 28 U.S.C. § 1442(a)(1) is "that a suit against a government officer in his or her official capacity is a suit against the agency." Am. Policyholders Ins. Co. v. Nyacol Prod., Inc., 989 F.2d 1256, 1260 (1st Cir. 1993). As relevant here, the removing party may remove "any proceeding (whether or not ancillary

[3] Following the filing of Defendant's *Reply* and Plaintiff's *Sur-Reply*, the Court ordered additional briefing regarding whether the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, waived sovereign immunity. (Docket Nos. 11, 14, and 15). The United States filed a memorandum claiming that section 702 of the APA only waives actions first brought in federal court. (Docket No. 16 at 1). Plaintiff likewise conceded that section 702 of the APA did not apply to the instant case. (Docket No. 19 ¶ 6).

to another proceeding) to the extent that in such proceeding a judicial order . . . is sought or issued." 28 U.S.C. § 1442(d)(1). Further, the term "State court" includes the Commonwealth Court. *See* id. § 1442(d)(6).

The federal officer removal statute is "exceptional" in that it permits removal of suits "if the defense depends on federal law." Jefferson Cty., Ala. v. Acker, 527 U.S. 423, 431 (1999). The removing party bears the burden of establishing that removal is proper. *See* Moore v. Elec. Boat Corp., 25 F.4th 30, 34 (1st Cir. 2022). In contrast with the "general removal provision, which is strictly construed in favor of remand, § 1442(a)(1) is broadly construed in favor of removal." New Hampshire v. 3M Co., 665 F. Supp. 3d 215, 226 (D.N.H. 2023) (emphasis in original) (citing Watson v. Philip Morris Cos. Inc., 551 U.S. 142, 147-48 (2007)).

The United States bears the burden of establishing that its removal of the instant action to federal court is proper. *See* Moore, 25 F.4th at 34. As Defendant notes, Plaintiff does not argue that removal pursuant to 28 U.S.C. § 1442 was improper in the first instance in its *Opposition and Motion to Remand*. *See* (Docket Nos. 8 and 11 at 3 n.5). Rather, Plaintiff raised for the first time in its *Sur-Reply* its contention that the matter was improperly removed. (Docket No. 14 ¶ 8). It is clear that "a party waives any argument raised for the first time in a reply brief." González

Cantón v. Mad Ruk Ent., Inc., 2023 WL 4546545, at *9 (D.P.R. 2023) (collecting cases). Moreover, Plaintiff's *Opposition and Motion to Remand* and its *Sur-Reply* both suffer from a dearth of discussion about the propriety of removal and the necessity of remand in this case. They accordingly also lack adequate citations and supporting authorities as required by Local Rule 7(b). *See* L. Civ. R. 7(b).

Even if Plaintiff had not waived its argument that removal was improper, the Court finds that the United States would have met its burden to establish removal was not improvident. First, a motion for declaratory relief is a civil action within the meaning of section 1442(d)(1). Hammer v. United States Dep't of Health & Hum. Servs., 905 F.3d 517, 527 (7th Cir. 2018) (involving removal of declaratory action from insurance liquidation proceedings by the United States and concluding that removal was proper). Plaintiff's *Motion Requesting Declaratory Judgment* is also "'against or directed' to [Defendant] within the meaning of § 1442." Id. Finally, the United States has also asserted a colorable federal defense to the suit, a burden that is "low." *See* Moore, 25 F.4th at 37 (referring to the district court order in that case). So long as the federal defense is not "immaterial and made solely for the purpose of obtaining jurisdiction or wholly insubstantial and frivolous," it is colorable. Id. (citations and internal quotation marks omitted).

In the instant case, Defendant invoked the sovereign immunity doctrine, among other federal defenses, in its *Notice of Removal*. *See* (Docket No. 1 ¶ 8). Such an invocation may satisfy the requirement of asserting a colorable federal defense. *See* Hammer, 905 F.3d at 528; Moore, 25 F.4th at 37-38 (regarding derivative sovereign immunity defense). As discussed further below, the United States' sovereign immunity argument is far from immaterial, insubstantial, or frivolous. Given that the federal officer removal statute is to be broadly construed in favor of removal, the removal to federal court was not improvident.

## III. ANALYSIS

### A. The Court lacks subject matter jurisdiction

#### i. The Commonwealth Court had no jurisdiction because there was no waiver of sovereign immunity

"It is well settled that the United States, as sovereign, may not be sued without its consent." Murphy, 45 F.3d at 522 (citing United States v. Dalm, 494 U.S. 596, 608 (1990)). The doctrine of sovereign immunity bars suits against the United States, its agencies, and—in certain proper cases—federal officers acting in their official capacities. Kozera v. Spirito, 723 F.2d 1003, 1007 (1st Cir. 1983). A waiver of sovereign immunity must be unequivocally expressed by Congress and cannot be implied. United States v. Mitchell, 445 U.S. 535, 538 (1980). "The standard for

finding a waiver is quite stringent." In re Rivera Torres, 432 F.3d 20, 23 (1st Cir. 2005). Moreover, statutes that waive sovereign immunity "should be strictly construed in favor of the United States." Murphy, 45 F.3d at 522 (citations omitted). Accordingly, the Supreme Court has found that a clear waiver of sovereign immunity in only two situations: first, when the statute "says in so many words that it is stripping immunity," and second, when a statute creates a cause of action that authorizes suit against a sovereign on that claim. Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz, 601 U.S. 42, 49 (2024) (citations omitted).

In the instant case, the parties appear to agree that the United States has sovereign immunity. However, Defendant avers that it has not waived sovereign immunity for a declaratory judgment by the Commonwealth Court. (Docket No. 4 at 4). It further claims that the Liquidator did not allege that the United States waived sovereign immunity in its original *Motion for Declaratory Judgment*. Id. at 4. Plaintiff in turn contends that the McCarran-Ferguson Act (the "Act"), 15 U.S.C. § 1011 *et seq.*,[4] waives sovereign immunity because the Act provides that no federal law

[4] The Liquidator does not claim that another statute, such as the federal Priority Statute, 31 U.S.C. § 3713, or the Declaratory Judgment Act, 28 U.S.C. § 2201, waives sovereign immunity.

may preempt a state regulation involving the business of insurance. *See* (Docket No. 8 ¶ 9).

Plaintiff bears the burden of proving that sovereign immunity has been waived. *See* Mahon v. United States, 742 F.3d 11, 14 (1st Cir. 2014). However, the Liquidator fails to meet this burden. It does not point to any passage in the McCarran-Ferguson Act that waives sovereign immunity, let alone a passage that contains the clear and unequivocal waiver language required by precedent. Although the Act permits states to tax and regulate the business of insurance, *see* 15 U.S.C. §§ 1011-12, it does not contain an express waiver of federal sovereign immunity. *See* Hammer, 905 F.3d at 534 (noting that the Act did not change the panel's analysis that sovereign immunity permitted removal to federal court); California Ins. Guarantee Ass'n v. Burwell, 170 F. Supp. 3d 1270, 1273 (C.D. Cal. 2016) ("[T]he Act was never intended to waive the federal government's sovereign immunity"); *see also* Health Republic Ins. Co. v. United States, 161 Fed. Cl. 510, 519-20 (Fed. Cir. 2022) (collecting cases that reject "the notion that Congress intended the McCarran-Ferguson Act to reverse preempt federal jurisdictional statutes"); Granite Reins. Co. v. Frohman, 2009 WL 2601105, at *6 (D. Neb. 2009) (holding that the state forum never had jurisdiction and the Act did not reverse preempt jurisdictional statutes). *Contra* Sevigny v. United States, 2014 WL 3573566, at *7

(D.N.H. 2014) (finding waiver of sovereign immunity in case with similar underlying facts where insurance commissioner sued under the Administrative Procedure Act).

Given that the Liquidator has not met its burden, the Court finds that the United States did not waive its sovereign immunity. Accordingly, the Commonwealth Court lacked jurisdiction over the *Motion for Declaratory Judgment*.

ii. The federal court's jurisdiction is derivative of that of the Commonwealth Court

Pursuant to the derivative-jurisdiction doctrine, a federal court's jurisdiction over a civil action removed under 28 U.S.C. § 1442 is derivative of that of the state court. Minnesota v. United States, 305 U.S. 382, 389 (1939); *see also* Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co., 258 U.S. 377, 382 (1922) ("If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a suit originally brought there have had jurisdiction."). Accordingly, the Court is in no better position than the Commonwealth Court to exercise jurisdiction in this case.

**B. Remand is required by section 1447(c)**

Although the United States is correct that this Court lacks subject matter jurisdiction, as does the Commonwealth Court, dismissal would be improper. The Liquidator contends that its

motion for remand should be granted because the Commonwealth Court has jurisdiction. (Docket Nos. 8 ¶ 20 and 14 ¶ 9). Although Plaintiff both incorrectly alleges that the Commonwealth Court has jurisdiction and fails to support its request for remand with detailed argumentation and authorities, remand is nevertheless mandatory for the following reasons.

i. Remand is required by the text of the federal removal statute

The federal removal statute provides, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, **the case shall be remanded.**" 28 U.S.C. § 1447(c) (emphasis added). The First Circuit has held that this language is unambiguous, and that it is error for a district court to "depart[] from the literal words of § 1447(c), which, on their face, give it no discretion to dismiss rather than remand an action." Mills v. Harmon Law Offs., P.C., 344 F.3d 42, 45 (1st Cir. 2003) (citations and internal quotation marks omitted); *see also* Int'l Primate Prot. League v. Adm'rs Tulane Educ. Fund, 500 U.S. 72, 89 (1991) (noting that § 1447(c)'s requirements are "clear"). Thus, both the statute and controlling precedent make pellucid the district court's mandate to remand a removed case as soon as it finds that it lacks subject matter jurisdiction.

The Court notes that at least two First Circuit cases, which do not discuss the text of section 1447(c), have encouraged dismissal rather than remand. *See* Patriot Cinemas, Inc. v. Gen. Cinemas Corp., 834 F.2d 208, 217 (1st Cir. 1987) (concluding that dismissal of claim was in keeping with the derivative jurisdiction doctrine); Daley v. Town of New Durham, N.H., 733 F.2d 4, 7 (1st Cir. 1984) (holding dismissal was required due to lack of derivative jurisdiction). Although neither Patriot Cinemas nor Daley have been overruled and are still good law, the rule from Mills is more recent, and therefore the one that this Court must follow. *See* United States v. Pires, 642 F.3d 1, 9 (1st Cir. 2011) (finding that departure from precedent is warranted "where the previous holding is contradicting by controlling authority, subsequently announced").

ii. Derivative jurisdiction implicates subject-matter jurisdiction

The parties do not contend that the issues of sovereign immunity or derivative jurisdiction fall outside the bounds of a challenge to subject-matter jurisdiction. Additionally, it is evident that challenges based on sovereign immunity "may be brought under Rule 12(b)(1)." Diaz-Morales v. Universidad de P.R., 2023 WL 2895151, at *1 (D.P.R. 2023) (citations omitted); *see also* P.R. Land & Fruit v. Aquasur Corp., 2018 WL 1684330, at *1 (D.P.R. 2018)

(evaluating derivative jurisdiction challenge pursuant to Rule 12(b)(1)). *But see* Rodas v. Seidlin, 656 F.3d 610, 619 (7th Cir. 2011) (concluding that although the derivative jurisdiction doctrine creates a defect in removal, it is not an essential ingredient to federal subject matter jurisdiction).

iii. Remand is mandatory even if it would be futile

In Mills, the First Circuit noted that there may be a potential implicit exception to section 1447(c)'s remand requirement in cases where remand is absolutely certain to be futile. 344 F.3d at 46 (citation omitted). However, the panel nonetheless declined to find dismissal was warranted even though it "suspect[ed] that this case has little future." Id. Similarly, the Fifth Circuit has explicitly held that "§ 1447(c) means what it says, admits of no exceptions, and requires remand even when the district court thinks it futile." Spivey v. Chitimacha Tribe of La., 79 F.4th 444, 448 (5th Cir. 2023); *see also* Fent v. Oklahoma Water Resources Bd., 235 F.3d 553, 557 (10th Cir. 2000) (collecting cases where courts decline to find an implicit futility exception in section 1447(c)). *Contra* Hammer, 905 F.3d at 530, 535 (discussing sovereign immunity and derivative jurisdiction issues and concluding noting that "[r]emanding to a forum deemed wrong is nonsensical").

Thus, the Court concludes by noting that the Commonwealth Court will still lack jurisdiction upon remand, rendering remand futile. Further, Puerto Rico law imposes upon the Commonwealth Court an "inescapable duty to examine its own jurisdiction . . . because to lack jurisdiction over the subject matter means to lack the necessary authority and power to entertain the matter." Rivera-Santos v. Sec'y of U.S. Dep't of Veterans Affs., 2017 WL 3498655, at *3 n.2 (D.P.R. 2017) (internal quotation marks and alterations omitted) (citing Roberts v. USO Council of P.R., 145 D.P.R. 58, 68-69 & n.8 (P.R. 1988) (official translation)). Despite this futility, this Court is required to order remand by law and may not dismiss the case.

## IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** that the United States' *Motion to Dismiss* at Docket No. 4 is **DENIED.** The *Motion for Declaratory Judgment* is remanded to the Court of First Instance, Commonwealth of Puerto Rico, Superior Court of San Juan.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of June 2024.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE