**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| COMMISSIONER OF INSURANCE OF PUERTO RICO, AS THE LIQUIDATOR OF CONSTELLATION HEALTH, LLC, | |
| **Plaintiff,** | **CIVIL NO. 23-1517 (RAM)** |
| v. | |
| UNITED STATES OF AMERICA, ET AL., | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant United States of America's[1] (the "United States") *Motion for Reconsideration*. (Docket No. 24). For the reasons stated below, the motion is **DENIED**.

This case arises from a *Motion Requesting Declaratory Judgment* that was brought by Plaintiff Commissioner of Insurance of Puerto Rico, as Liquidator of Constellation Health, LLC ("Plaintiff" or the "Liquidator") in the Court of First Instance, Superior Court of San Juan ("Commonwealth Court"). Defendant timely removed the *Motion Requesting Declaratory Judgment* to

---

[1] Specifically, the defendants are the United States; Merrick B. Garland, in his official capacity as Attorney General of the United States; the United States Department of Health and Human Services ("HHS"); Xavier Becerra, in his official capacity as Secretary of HHS; the Centers for Medicare & Medicaid Services ("CMS"), a component of HHS; and Chiquita Brooks-LaSure, in her official capacity as Administrator of CMS. The parties refer to the defendants collectively as the United States, and the Court adopts that nomenclature here.

federal court pursuant to 28 U.S.C. § 1442(a). (Docket No. 1).
Shortly thereafter, Defendant filed a *Motion to Dismiss*,
contending that dismissal was warranted under the derivative
jurisdiction doctrine. Specifically, it argued that the United
States had not waived sovereign immunity, the Commonwealth Court
had no jurisdiction over the *Motion Requesting Declaratory
Judgment* and the district court acquired none upon removal.
Briefly, Defendant argued dismissal was the appropriate remedy and
cited to Patriot Cinemas Inc. v. Gen. Cinemas corp., 834 F.2d 208,
217 (1st Cir. 1987).

The Court found that the Commonwealth Court had no
jurisdiction because there was no waiver of sovereign immunity.
(Docket No. 21 at 7-10). However, it denied the *Motion to Dismiss*
because it found that remand, rather than dismissal, was the proper
resolution for the action. Id. at 10-14. Defendant subsequently
filed its *Motion for Reconsideration*, averring that the derivative
jurisdiction doctrine mandates dismissal, and that the doctrine
did not implicate subject-matter jurisdiction such that 28 U.S.C.
§ 1447(c) applied. (Docket No. 24). Plaintiff filed a *Memorandum
in Opposition*, and Defendant filed a *Reply*. (Docket Nos. 30 and
33, respectively).

Defendant's first argument in favor of reconsideration is
that Mills v. Harmon Law Offices, P.C., 344 F.3d 42 (1st Cir. 2003)

is distinguishable and inapplicable because, among other reasons, it involved a removal pursuant to section 1441 rather than section 1442. However, the cases that Defendant cites in support of its argument—Pueblo Int'l Inc. v. De Cardona, 725 F.2d 823, 827 (1st Cir. 1984); Daley v. Town of New Durham, 733 F.2d 4, 6-7 (1st Cir. 1984); Patriot Cinemas, 834 F.2d 208, 216-17 (1st Cir. 1987)—also all involve a now-abrogated form of derivative jurisdiction that arose under section 1441 and not section 1442. *See* 28 U.S.C. § 1441(f) (discussing derivative removal jurisdiction); Moreland v. Van Buren GMC, 93 F. Supp. 2d 346, 354 (E.D.N.Y. 1999) (recognizing criticism of derivative jurisdiction doctrine and concluding it remains intact as to section 1442).

Moreover, these three cases all predate the amendment of section 1447(c) in 1988. *See* Powerex Corp. v. Reliant Energy Servs., Inc. 551 U.S. 224, 229-30. The statute's current construction contemplates a situation in which "a case can be properly removed and yet still suffer from a failing in *subject-matter jurisdiction* that requires remand." Id. at 232 (emphasis in original). That exact situation applies to the case at bar, where the Defendant properly removed the *Motion for Declaratory Judgment* to federal court. Moreover, the derivative jurisdiction doctrine also does implicate subject matter jurisdiction. *See* Moreland, 93 F. Supp. 2d at 254 ("[T]he federal court cannot confer subject

matter jurisdiction over a case removed under Section 1442 if none existed at the state level."); *cf.* Granucci v. United States Postal Servs., 2023 WL 1070547, at *3 (E.D. Cal. 2023) (finding federal court lacked jurisdiction under derivative jurisdiction doctrine, favoring remand, but dismissing case on futility grounds).

Ordinarily, a district court that has issued an order for remand that is appealable should consider "hold[ing] the matter in abeyance for a brief period or [directing] the clerk of court to delay transmittal of the certified remand order" to "give the removing party an opportunity to move for a stay, to seek reconsideration, and/or to appeal the order and request a stay from the court of appeals." Forty Six Hundred LLC v. Cadence Educ., LLC, 15 F.4th 70, 81 (1st Cir. 2021). Because the Court is persuaded that it is without jurisdiction, recall is not necessary in this case. Moreover, remand will not divest an appellate court of jurisdiction should the Government wish to appeal. *See* id. at 73.

The Defendant's *Motion for Reconsideration* is therefore **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of September 2024.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE